```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS


DURAYL VANN,

              Plaintiff,
                                       CIVIL ACTION
     vs.                               No. 11-3131-SAC

(FNU) SMITH, et al.,


              Defendants.
```

## MEMORANDUM AND ORDER

This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner in state custody, proceeds pro se and seeks leave to proceed in forma pauperis.

Pursuant to 28 U.S.C. § 1915(b)(1), the court must assess as an initial partial filing fee twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.

Having examined the supplemental records submitted by the plaintiff, the court finds the average monthly deposit to his account is $0.00, and the average monthly balance is $0.03. The

court therefore assesses no initial partial filing fee.[1]

Plaintiff also moves for an extension of time and for the appointment of counsel (Doc. 5). Plaintiff's request for an extension of time seeks time to respond to the court's order to show cause concerning why this matter should not be dismissed for lack of prosecution. Because plaintiff has now submitted financial records and has explained that he did not receive the court's initial order, the court finds no extension of time is needed.

Next, a party in a civil action has no constitutional right to the assistance of counsel in the prosecution or defense of such an action. *Bethea v. Crouse*, 417 F.2d 504, 505 (10th Cir. 1969). Rather, the decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The court should consider "the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Long v. Shillinger*, 927 F.2d 525, 526-27 (10th Cir. 1991). Here, the factual and legal issues are not unusually complicated, and the plaintiff is able to state the

---

[1] Plaintiff will be required to pay the $350.00 filing fee in installments calculated pursuant to 28 U.S.C. § 1915(b)(2).

facts supporting his claim. The court finds no basis to appoint counsel and will deny the motion.

Plaintiff alleges he was subjected to cruel and unusual punishment when defendant Smith slammed his hand and fingers in a food passage in his cell door, allegedly in retaliation for a verbal dispute between the two. Plaintiff also alleges that defendant Vernachia, a member of the Unit Team, failed to investigate the incident. Finally, plaintiff appears to challenge the response of the Warden and Secretary of Corrections to grievances concerning the matter.

The United States Court of Appeals for the Tenth Circuit has held that "'the denial of ... grievances alone is insufficient to establish personal participation in the alleged constitutional violations'" that are asserted in the grievance. *Arocho v. Nafziger*, 367 F. App'x 942, 955 (10th Cir.2010) (quoting *Larson v. Meek,* 307 F. App'x 777, 780 (10th Cir.2007)). Accordingly, the court will dismiss defendants Vernachia, Heimgartner, and Roberts, as plaintiff has not identified sufficient personal participation by these defendants in the alleged excessive use of force.

The court finds that proper processing of plaintiff's claims against the remaining defendant cannot be achieved without additional information from appropriate officials of the

El Dorado Correctional Facility (EDCF). *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). *See also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 4) is granted. Collection action shall continue pursuant to 28 U.S.C. §1915(b)(2) until plaintiff satisfies the $350.00 filing fee.

IT IS FURTHER ORDERED defendants Vernachia, Heimgartner, and Roberts are dismissed from this action.

IT IS FURTHER ORDERED plaintiff's combined motion for extension of time and for the appointment of counsel (Doc. 5) is denied.

IT IS FURTHER ORDERED that:

(1) The clerk of the court shall prepare waiver of service forms for the defendant pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, to be served by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs. An answer or responses to the complaint, including the report required herein, shall be filed no later than sixty (60) days from the date of this order.

(2) Officials responsible for the operation of the El Dorado Correctional Facility are directed to undertake a review

of the subject matter of the complaint:

    (a)  to ascertain the facts and circumstances;

    (b)  to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

    (c)  to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

    (3)  Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendant's answer or response to the complaint.  Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.

    (4) Authorization is granted to the officials of the El Dorado Correctional Facility to interview all witnesses having knowledge of the facts, including the plaintiff.

    (5)  No answer or motion addressed to the complaint shall be filed until the *Martinez* report requested herein has been prepared.

    (6)  Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendant's answer or

response to the complaint and the report requested herein.  This action is exempted from the requirements imposed under Fed.R.Civ.P. 26(a) and 26(f).

IT IS FURTHER ORDERED the clerk of the court shall enter the Kansas Department of Corrections as an interested party on the docket for the limited purpose of preparing the *Martinez* report ordered herein.  Upon the filing of that report, the Department of Corrections may move for termination from this action.

Copies of this order shall be transmitted to plaintiff, to defendant, to the Finance Office of the El Dorado Correctional Facility, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 7th day of February, 2012.


                    S/ Sam A. Crow
                    SAM A. CROW
                    United States Senior District Judge